UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIS RADCLIFFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01056-TWP-KMB |
| | ) |
| CUBESMART ASSET MANAGEMENT, LLC., | ) |
| WILLIAM GREGORY O'HERREN, | ) |
| GEORGE ROBERT GEIGER, | ) |
| ILLINOIS STREET SELF STORAGE, LLC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

On June 21, 2024, *pro se* Plaintiff Terris Radcliffe ("Radcliffe") initiated this civil action by filing a Complaint against Defendants CubeSmart Asset Management, LLC ("CubeSmart"), William Gregory O'Herren ("O'Herren"), George Robert Geiger ("Geiger"), and Illinois Street Self Storage, LLC ("Illinois Street") (collectively, "Defendants") (Dkt. 1). The same day, Radcliffe paid the filing fee for bringing this action. This matter is now before the Court for screening.

**I.     DISCUSSION**

**A.     Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails

to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**B.     Radcliffe's Complaint**

Radcliffe initiated this civil action by filing a Complaint (Dkt. 1) against Defendants CubeSmart, Illinois Street, O'Herren, and Geiger for violations of his constitutional rights under federal law and for negligence under state law. Radcliffe alleges this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 2, ¶¶ 3–4.

This action arose after Radcliffe was trapped in an elevator at a CubeSmart self-storage facility. The Complaint alleges that Illinois Street owns the facility, and pursuant to a management agreement with Illinois Street and CubeSmart, CubeSmart manages the facility. *Id.* at 6, ¶¶ 23–24. Illinois Street was organized by Defendants O'Herren and Geiger. *Id.* at 5, ¶ 22. On the evening of June 22, 2022, Radcliffe was trapped in an elevator for three hours at a CubeSmart self-storage facility in Indianapolis. *Id.* at 2–3, ¶ 9. The heat inside the elevator was unbearable, and the elevator

lacked a functional emergency telephone, adequate auxiliary power, and auxiliary lighting in violation of applicable regulations and in disregard of public safety. *Id.* Radcliffe sustained significant and debilitating shoulder injuries while attempting to escape. *Id.* at 3, ¶ 3. He suffered other physical pain and extreme emotional distress as a result of this incident. *Id.* at 3, ¶ 11.

After the June 2022 incident, Radcliffe submitted a public records request to the Indiana Department of Homeland Security ("Indiana DHS") for information related to the two elevators ("Elevator #1" and "Elevator #2") installed in the CubeSmart facility. *Id.* at 3–4. In September 2022, Indiana DHS responded to Radcliffe's request by sending him documents related to Elevator #1, which are described in more detail in the Complaint. *Id.* at 4–5. The documents included two inspection reports: one dated March 2020, and one dated January 2022. *Id.* at 4. The March 2020 report noted no violations. The January 2022 report listed two violations—a missing annual third-party safety inspection; and an expired operating certificate—as well as correction dates for each violation. *Id.* at 5. Indiana DHS did not send Radcliffe any documents related to Elevator #2 but stated that its September 2022 response contained the "entire catalog of documents" concerning the CubeSmart facility. *Id.* at 6.

Radcliff alleges that Matthew Cronley, Chief Inspector for the Indiana DHS ("Cronley"), contacted O'Herren and Geiger "to devise a fraudulent scheme to coverup the horrible mechanical issues, expired elevator operating certificate, failed annual safety test reports, and the fact the second elevator . . . was never issued an installation permit, or an elevator operating certificate from the State of Indiana." *Id.* at 6. Radcliffe specifically alleges that: the Elevator Operating Certificate for Elevator #2 "never existed" until Cronley "fraudulently altered the contents of the Indiana DHS database; that Cronley "fraudulently created sixteen fictitious government records for the two elevators"; that Cronley "orchestrated the fraudulent schemes and artifices by creating

3

fictious elevator mechanic and elevator contractor licenses"; and that Cronley "made unauthorized changes to several governmental records, documents, electronic files, or network files that were stored or maintained in the database" for Indiana DHS. *Id.* at 7.

On August 19, 2022, Radcliffe contacted Geiger to discuss the June 2022 incident and to request that Geiger send him a valid elevator operating certificate, periodic inspection reports, and annual safety test reports. Geiger denied Radcliffe's request. *Id.* Several CubeSmart employees also denied similar requests. *Id.* at 8. The Complaint further alleges Defendants never filed a report related to the June 2022 incident, in violation of 675 I.A.C. § 21-1-7. *Id.* at 8.

### C. Dismissal of Radcliffe's Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

1. **Radcliffe's Federal Claims**

The first three Counts of the Complaint assert federal constitutional claims against the Defendants. Count I alleges the violation of Radcliffe's rights under the Fifth Amendment; Count II alleges the violation of Radcliffe's rights under the Equal Protection Clause of the Fourteenth Amendment; and Count III alleges a "Civil Action for Deprivation of Rights" under 42 U.S.C. § 1983 ("Section 1983") (Dkt. 1 at 9–13). For clarification, the Court will explain why, as a matter of law, Radcliffe's constitutional claims are all brought under Section 1983.

The United States Constitution itself does not grant private citizens a right to sue for constitutional violations. However, Congress enacted Section 1983 to allow citizens to sue state actors for violations of their constitutional rights.[1] Stated differently, Section 1983 is the procedural mechanism by which citizens can sue for constitutional violations. So Radcliffe's claims for violations of his Fifth and Fourteenth Amendment rights are necessarily brought pursuant to Section 1983. With that background, the Court will now discuss whether Radcliffe has adequately alleged constitutional claims against the Defendants.

"Section 1983 prohibits unconstitutional actions by persons acting under the color of state law." *Cosgriff v. Cnty. of Winnebago*, 876 F.3d 912, 915 (7th Cir. 2017). Because Section 1983 claims "may only be maintained against defendants who act under color of state law . . . the defendants in § 1983 cases are usually government officials" and not private individuals or private companies. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (citing *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999)). Here, all of the Defendants are private individuals or companies, and the Complaint does not allege that any of them were

---

[1] There is a separate mechanism for asserting constitutional claims against federal actors. The United States Supreme Court case *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), created a remedy for private citizens against federal officers acting under color of federal law, which is analogous to the Section 1983 remedy against state officials.

acting "under color of state law" in allegedly depriving Radcliffe of his constitutional rights. A private person acts "under color of state law" when that person is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). "This requires 'evidence of a *concerted effort* between a state actor and that individual." *L.P. v. Marian Catholic High School*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Fries v. Helpser*, 146 F.3d 452, 457 (7th Cir. 1998)). "The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" *Id.* (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982)).

In his Complaint, Radcliffe alleges wrongdoing by Cronley, a potential state actor,[2] but he fails to allege a nexus between Cronley and any of the Defendants such that the Defendants would be considered "state actors." Radcliffe's sole conclusory allegation that Cronley "contacted" O'Herren and Geiger "to devise a fraudulent scheme" is not enough to show a "concerted effort" between Cronley and O'Herren or Geiger (much less between Cronley and CubeSmart or Illinois Street) to deprive Radcliffe of his constitutional rights (Dkt. 1 at 6).

The Complaint does not identify a constitutional deprivation caused by Defendants that is "fairly attributable" to the State of Indiana, so Defendants are not "state actors," and they cannot be held liable for constitutional violations under Section 1983. Radcliffe's federal claims must therefore be **dismissed**.

### 2. Radcliffe's State Law Claims

Because Radcliffe has not sufficiently alleged his federal claims, he is left with his state law negligence claims. For a federal court to hear a case with only state law claims, diversity

---

[2] Cronley is not named as a defendant in this action. Based on publicly available state court records, it appears that Radcliffe is actively pursuing a separate lawsuit against Cronley, Indiana DHS, and others. *Terris Radcliffe v. Indiana Department of Homeland Security, et al.*, No. 49D01-2406-CT-028090 (Marion Sup. Ct. 1 June 24, 202).

jurisdiction under 28 U.S.C. § 1332 must be present. However, the Complaint does not adequately allege diversity jurisdiction, and the Court has an independent duty to ensure that subject matter jurisdiction exists in every case. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). "In order to support diversity jurisdiction under 28 U.S.C. § 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001).

Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Further, the citizenship of an LLC, like CubeSmart and Illinois Street, "is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). The Complaint alleges that Radcliffe is a *resident* of Georgia, but it does not allege whether he is a *citizen* of Georgia. *See Meyerson*, 299 F.3d at 617 ("[R]esidence and citizenship are not synonyms . . . ."). But even assuming that Radcliffe is a citizen of Georgia, the Complaint does not establish that the parties are diverse because it does not allege the Defendants' state(s) of citizenship. To establish Defendants' citizenship, Radcliffe would need to allege O'Herren and Geiger's state(s) of citizenship (not their residence); and the state(s) of citizenship of each of CubeSmart's and Illinois Street's members. The Seventh Circuit Court of Appeals has recognized that "in states where the members of the LLC need not be publicly identified," like Indiana, "it can be difficult if not impossible for a prospective plaintiff to ascertain the membership and in turn determine whether

7

he can sue the LLC in diversity." *Qin v. Deslongchamps*, 31 F.4th 576 (7th Cir. 2022). Radcliffe may face difficulties in identifying the members of CubeSmart and Illinois Street, but he must do so if he wishes to pursue his claims in federal court. The Court notes, however, that the requirements of 28 U.S.C. § 1332 do not apply to state court actions, and Radcliffe may pursue his negligence claims in state court.

Absent diversity, the Court may not exercise jurisdiction over Radcliffe's state law negligence claims. *See Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Radcliffe's state law claims must therefore be **dismissed** for failure to state a claim.

### D. Opportunity to Show Cause

Radcliffe shall have through **August 23, 2024**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Radcliffe elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must

include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiffs claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## II.     CONCLUSION

Having screened the Complaint, the Court finds this action is subject to dismissal for lack of jurisdiction. Radcliffe is granted leave to file an amended complaint by no later than **August 23, 2024**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date: 7/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive
Atlanta, GA 30342