UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIS RADCLIFFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01056-TWP-KMB |
| ) | |
| WILLIAM GREGORY O'HERREN, ) | |
| GEORGE ROBERT GEIGER, ) | |
| CUBESMART TRS, INC., ) | |
| SHAMROCK BUILDERS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| INDIANA OFFICE OF INSPECTOR GENERAL, ) | |
| ) | |
| Interested Party. ) | |

## ORDER GRANTING INSPECTOR GENERAL'S MOTION TO QUASH SUBPOENA

The Indiana Office of Inspector General ("Inspector General"), which is a non-party to this lawsuit, has filed a Motion to Quash Subpoena under Federal Rule of Civil Procedure 45(d). [Dkt. 13.] For the reasons explained below, the motion is **GRANTED**.

### I. BACKGROUND

The Inspector General has received a subpoena duces tecum from pro se Plaintiff Terris Radcliffe demanding the following: (1) the Inspector General's guidelines and procedures for investigating fraudulent activities by state agencies, state employees, appointed officials, special state appointees, agents for a state agency, and lobbyists and/or persons with a business relationship with a state agency; (2) any current or previous investigations involving the Indiana Department of Homeland Security ("IDHS"); and (3) "a detailed statement for the reason(s) why your office decided not to investigate the falsified documents produced by IDHS that were

presented to your office by Terris Radcliffe on 9/20/2024."[1] [Dkt. 13-1.] The subpoena was served on July 29, 2024, and demands production of these documents by July 31, 2024. [*Id.*] The subpoena also demands that the Inspector General allow Mr. Radcliffe to inspect its offices in Indianapolis on August 5, 2024. [*Id.*]

In the most recent Amended Complaint, Mr. Radcliffe claims that the Defendants are liable for personal injuries he allegedly suffered in an elevator accident at a Cubesmart self-storage facility. [Dkt. 24.] None of the Defendants are state entities or employees.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 authorizes courts to quash or modify subpoenas. A district court may quash a non-party subpoena that demands irrelevant materials or inspections, that demands confidential or privileged information, that demands a response within an unreasonable period of time, that imposes an undue burden, or that includes overly broad and non-specific demands amounting to a "fishing expedition." Fed. R. Civ. P. 45(d)(3)(A)(i), (ii), (iv); *see also Hager v. CSX Transp., Inc.*, 2005 WL 5117469, at *2 (N.D. Ind. Dec. 6, 2005); *Finley v. Johnson Oil Co.*, 199 F.R.D. 301 (S.D. Ind. 2001). "The party seeking to quash a subpoena bears the burden of establishing that the subpoena falls within the Rule 45 criteria." *Odongo v. City of Indianapolis*, 2015 WL 1097400, at *1 (S.D. Ind. Mar. 10, 2015) (quotation marks and citation omitted). "The decision whether to quash a subpoena falls within the district court's discretion." *Webb v. Hendricks Cnty. Sheriff's Off.*, 2021 WL 3077925, at *1 (S.D. Ind. Jul. 21, 2021).

---

[1] Mr. Radcliffe served this subpoena on the Inspector General on July 29, 2024. The subpoena states that he demanded a fraud investigation on "9/20/2024," which was two months *after* he served the subpoena. The Court assumes that this was a typographical error. In any event, the year that Mr. Radcliffe requested the fraud investigation is immaterial to the Court's analysis and conclusion on the Inspector General's Motion to Quash.

## III. DISCUSSION

The Inspector General argues that the subpoena should be quashed for six reasons. First, it does not set forth the text of Federal Rule of Civil Procedure 45(d) and (e). [Dkt. 13 at 3.] Second, it is not reasonably specific and would impose an undue burden on the Inspector General. [Dkt. 13 at 3-4.] Third, it does not provide the Inspector General with a reasonable period of time to respond. [*Id.* at 4.] Fourth, its demands are irrelevant to this lawsuit. [*Id.* at 4-5.] Fifth, it seeks confidential or privileged information. Sixth, its demand for an explanation of the Inspector General's decision not to investigate Mr. Radcliffe's fraud allegations is an improper attempt to serve an interrogatory on a non-party. [*Id.* at 6.]

Mr. Radcliffe has not filed a response in opposition to the Motion to Quash. In the Seventh Circuit, the failure to respond to an argument results in waiver, and courts can construe a party's silence as a concession. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). The Court construes Mr. Radcliffe's silence here as a concession of the Inspector General's arguments.

The Court has reviewed the subpoena, the most recent Amended Complaint, and the Inspector General's Motion to Quash. Based on this review, the Court concludes that the Inspector General cites appropriate grounds to quash the subpoena, since many of those grounds are expressly set forth in Federal Rule of Civil Procedure 45(a)(1)(A). Further, the Court agrees that the subpoena is non-specific and overbroad, that the time it provides the Inspector General to respond is unreasonable, and that there is no discernible reason that Mr. Radcliffe needs to inspect the Inspector General's offices in Indianapolis to prosecute the claims in this lawsuit. The Court also agrees that Mr. Radcliffe's demand that the Inspector General explain its decision not to investigate his fraud allegations is an improper attempt to serve an interrogatory on a non-party. *See Eines v. Dinkins*, 2022 WL 2298188, at *3 (7th Cir. 2022) (interrogatories may not be served

on a non-party) (citing Fed. R. Civ. P. 33(a)). Accordingly, the Court concludes that the Inspector General has met its burden to quash the subpoena, and its Motion to Quash Subpoena is **GRANTED**. [Dkt. 13.]

## IV. CONCLUSION

For the reasons explained herein, the Inspector General's Motion to Quash Subpoena is **GRANTED**. [Dkt. 13.] The **CLERK SHALL** terminate the Inspector General as an Interested Party on the docket.

**SO ORDERED**.

Date: 11/21/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342

=