UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIS RADCLIFFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01056-TWP-KMB |
| | ) |
| WILLIAM GREGORY O'HERREN, | ) |
| GEORGE ROBERT GEIGER, | ) |
| CUBESMART TRS, INC., | ) |
| SHAMROCK BUILDERS, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTIONS TO RECONSIDER

*Pro se* Plaintiff Terris Radcliffe has filed two identical motions asking the Court to reconsider an Order it issued that extended the Defendants' deadline to answer the Second Amended Complaint. [Dkt. 45; 46.] As explained below, these motions are **DENIED**.

### I. BACKGROUND

Mr. Radcliffe filed the Second Amended Complaint on November 1, 2024. [Dkt. 23.] The Second Amended Complaint added Cubsemart TRS, Inc. and Shamrock Builders, Inc. as Defendants. [*Id.*] It also named Defendants William O'Herren and George Geiger, who were previously named in the original Complaint and who had already appeared in this action by counsel, Kimberly Howard. [Dkt. 7.]

The Second Amended Complaint referenced audio, video, and photo exhibits that were manually filed with the Court but that were not served on Ms. Howard via the Court's electronic ECF system at the time of filing. [Dkts. 25; 29.] For this reason, Ms. Howard moved on behalf of all four Defendants for an extension of time to answer the Second Amended Complaint until she received those exhibits. [Dkt. 28.] At the time she filed that motion, Ms. Howard had not yet

filed a notice of appearance on behalf of Defendants Cubesmart TRS, Inc. or Shamrock Builders, Inc. Nevertheless, the Court granted the motion as to all four Defendants and extended their answer deadline by "an additional twenty-eight (28) days beyond the date on which Plaintiff files proof of service with this Court demonstrating that he has served counsel with the video, audio, and photos exhibits referenced in his second amended complaint." [Dkt. 32.]

On December 13, 2024, Mr. Radcliffe filed a Summons and a Notice of Proof of Service as to each Defendant. [Dkts. 36-39.] However, these Proof of Service documents did not specifically mention the video, audio, and photo exhibits that he had referenced in the Second Amended Complaint and did not specifically demonstrate that those exhibits had been served on the Defendants. [*Id.*]

On January 14, 2025, Ms. Howard filed a motion to extend the answer deadline for all four Defendants to February 4, 2025. [Dkt. 40.] The motion stated that Mr. Radcliffe "ha[d] not filed proof of service with the Court thereby triggering the Defendants' answer due date to the Plaintiff's Second Amended Complaint. As a result, the Defendants' Answer to the second Amended Complaint has no due date." [*Id.* ¶ 6.] The motion did acknowledge, however, that Mr. Radcliffe "ha[d], in fact, provided documents which he represents to be the exhibits to the Plaintiff's Second Amended Complaint." [*Id.* at ¶ 7.] The motion sought three weeks to answer the Second Amended Complaint "given the press of year-end business, the holidays and the size and nature of Plaintiff's Second Amended Complaint." [*Id.* at ¶ 9.] The Court granted the motion as to all four Defendants and extended their answer deadline to February 4, 2025. [Dkt. 41.] The Defendants complied with that Order and timely filed their Answer to the Second Amended Complaint on February 4, 2025. [Dkt. 50.]

Before the Defendants filed their Answer, Mr. Radcliffe filed two identical Motions to Reconsider the Order extending the Defendants' answer deadline. [Dkts. 45; 46.] That motion is fully briefed and ripe for the Court's review.

## II. LEGAL STANDARD

Mr. Radcliffe's motions are governed by Federal Rule of Civil Procedure 54(b) because final judgment has not been entered in this case. *See* Fed. R. Civ. Pro. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Eli Lilly & Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *2-3 (S.D. Ind. Mar. 25, 2024). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Eli Lilly*, 2024 WL 1285713, at *3 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

## III. DISCUSSION

Mr. Radcliffe argues that the Defendants' Motion for an Extension of Time to answer the Second Amended Complaint was untimely and that their explanation for why they needed more time did not satisfy the heightened standard of excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B), which governs motions to extend deadlines that have already expired. [Dkt. 45 at ¶¶ 15, 32, 51-56.] He argues that he filed a Proof of Service as to each Defendant on December 13, 2024, and that the Defendants' answer deadline had already expired by the time they

3

moved for an extension on January 14, 2025. [*Id.* (citing dkts. 36-39).] He also notes that defense counsel did not file a Notice of Appearance for Defendants Cubesmart TRS, Inc., and Shamrock Builders, Inc., at the time she filed either the first or the second Motion for an Extension of Time to Answer the Second Amended Complaint. [*Id.* at ¶ 26.]

In response, defense counsel states that her failure to file a notice of appearance on behalf of Cubesmart TRS, Inc. and Shamrock Builders, Inc., was inadvertent and that she corrected that error shortly after it was brought to her attention. [Dkts. 47; 48; 49 at ¶ 16.] She further argues that her motion to extend the Defendants' answer deadline was timely and provided good cause for an extension. [Dkt. 49 at ¶ 18-19.]

In reply, Mr. Radcliffe reiterates his belief that the Defendants' motion was untimely, and he additionally argues that Ms. Howard had no authority to move for an extension on behalf of Cubesmart TRS Inc. or Shamrock Builders, Inc. because she had not yet filed a notice of appearance on their behalf.[1] [Dkt. 51 at ¶ 9.]

The Court finds that Mr. Radcliffe has not shown that the Court's previous Order extending the Defendants' answer deadline arose from a manifest error of law or fact, which is his burden on a motion to reconsider. First, the Defendants' Motion for an Extension of Time to answer the Second Amended Complaint was in fact timely filed. The answer deadline ran 28 days from the filing of a notice of proof of service "demonstrating that [Mr. Radcliffe] has served counsel with the video, audio, and photos exhibits referenced in his second amended complaint." [Dkt. 32.] Mr. Radcliffe's Proof of Service documents filed on December 13, 2024, did not demonstrate that

---

[1] Mr. Radcliffe also raises issues about the involvement of Liberty Mutual Insurance Company in this lawsuit. It appears that Liberty Mutual may be acting as the Defendants' insurer, and Mr. Radcliffe argues that Liberty Mutual is acting as an impermissible intervenor in this lawsuit. Whatever merit this argument might have in another context, which remains to be seen, it is wholly irrelevant to Mr. Radcliffe's Motion to Reconsider and warrants no further discussion here.

he had served the Defendants with those exhibits; thus Defendants' clock to answer the Second Amended Complaint had not even started when they filed their Motion for Extension of Time on January 14, 2025. Second, the Defendants' reasons for requesting an extension of the answer deadline—if it can even be called an extension given the proof of service issue mentioned above—satisfied Rule 6(b)(1)(A)'s ordinary good cause standard and demonstrated that Ms. Howard acted with reasonable diligence during a busy time of year.

Third, Ms. Howard's mistake in failing to file a notice of appearance on behalf of two of the Defendants was clearly inadvertent and promptly corrected. It also has no bearing on the present motion. When a party's deadline to do something in a lawsuit has not already passed, the court may extend that deadline on the party's motion or on its own motion. Fed. R. Civ. P. 6(b)(1)(A). That means that the Court was authorized to extend the Defendants' answer deadline on its own, with or without a motion from the Parties' themselves, and Mr. Radcliffe's quibbling over whether Ms. Howard was authorized to file a motion on behalf of Cubesmart TRS, Inc. and Shamrock Building, Inc. is immaterial. Accordingly, Mr. Radcliffe's Motions to Reconsider are **DENIED**.

## IV. CONCLUSION

For the reasons explained above, Mr. Radcliffe's Motions to Reconsider are **DENIED**. [Dkts. 45; 46.] The Court accepts the Defendants' Answer to the Second Amended Complaint as timely filed. A scheduling order setting a date for an Initial Pretrial Conference and proposed case management deadlines will be issued by separate Order.

**SO ORDERED**.

Date: 2/12/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342