# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIS RADCLIFFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-01056-TWP-KMB |
| ) | |
| WILLIAM GREGORY O'HERREN, ) | |
| GEORGE ROBERT GEIGER, ) | |
| CUBESMART TRS, INC., ) | |
| SHAMROCK BUILDERS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| SCHINDLER ELEVATOR CORPORATION, ) | |
| ERIC PROBST, ) | |
| FROST BROWN TODD, ) | |
| MATTHEW DELKS, ) | |
| JASON ALDRIDGE, ) | |
| ) | |
| Intervenors. ) | |
| ) | |
| MILLSTONE MANAGEMENT, LLC, ) | |
| ADRIEN DANNEMILLER, ) | |
| ) | |
| Interested Parties. ) | |

**ORDER ON PLAINTIFF'S MOTION TO TRANSFER VENUE
AND REQUEST FOR EXPLANATIONS AND CORRECTIONS**

This matter is before the Court on *pro se* Plaintiff Terris Radcliffe's ("Mr. Radcliffe") Motion to Transfer Venue (Dkt. 140) and Request for Explanations and Corrections, which the clerk has docketed as a Motion for Court Assistance (Dkt. 149). On November 14, 2024, the Court screened Mr. Radcliffe's Second Amended Complaint (Dkt. 24) and determined that his state law negligence claims against the Defendants, William Gregory O'Herren, George Robert Geiger, CubeSmart TRS Inc., and Shamrock Builders, Inc., could proceed based on diversity jurisdiction

(Dkt. 31). Mr. Radcliffe now asks the Court to transfer this action to the District Court for the Northern District of Georgia and seeks an explanation and corrections from the Court concerning matters which occurred primarily in related Case No. 1:24-CV-01057. For the following reasons, the Motion to Transfer is **denied**, and the request for assistance is **granted in part** and **denied in part.**

## I.  DISCUSSION

The Court will first discuss the motion to transfer venue, before turning to the request for an explanations and corrections.

### A.  Motion for Change of Venue

A party may seek change of venue pursuant to 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "[S]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness. By the same token, [appellate courts] grant a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010) (internal citations and punctuation omitted). The Seventh Circuit has further explained,

> The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice. The statute permits a flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.

*Id.* at 978 (internal citation and quotation marks omitted).

Mr. Radcliffe, a resident of Fulton County, Georgia, initiated this action in this Court after he was trapped in an elevator in a CubeSmart Self-Storage facility in Indianapolis, Indiana (Dkt.

1). The Defendants in this case are the private companies and individuals that own/operate the storage facility, and Mr. Radcliffe alleges breach of duty to customers and negligent maintenance of the elevator (Dkt. 31). Mr. Radcliffe has another related action pending in this Court, *Radcliffe v. Thacker*, Case No. 1:24-cv-01057-TWP-KMB, which he filed the same day as this action, and which arises from the same events in Indianapolis. The defendants in the related case are all state agencies/entities and employees, and Mr. Radcliffe asserts Section 1983 claims against them based on improper elevator inspections and certifications.

Since Mr. Radcliffe initiated his lawsuits, vigorous discovery and motions practice have ensued, and several intervenors and interested parties have appeared, all of whom are represented by Indiana counsel. In November 2025—seventeen months after filing suit—Mr. Radcliffe moved to transfer this action to the Northern District of Georgia, which serves Fulton County (Dkt. 140). He asserts that the "Northern District of Georgia is the proper venue for this lawsuit because it will provide the most secure opportunity for an impartial judicial process, and it is in the best interest of justice." *Id.* at 1.

There is no basis for transferring this action to the Northern District of Georgia. There are no allegations in the Second Amended Complaint, which is the operative pleading, that connect any events or parties to the Northern District of Georgia, except Mr. Radcliffe's residence there. The events at issue took place in Indiana, and three of the four Defendants in this action—Shamrock Builders, Inc., William Gregory O'Herren, and George Robert Geiger—are Indiana citizens (Dkt. 24 ¶¶ 2–9).[1] The defendants in Mr. Radcliffe's related lawsuit are likewise Indiana citizens and employed by the State of Indiana. *See* Case No. 1:25-cv-01057. Further, the relevant witnesses and discovery appear to be located in Indiana.

---

[1] The remaining Defendant, Cubesmart TRS, Inc., is a citizen of Ohio and Pennsylvania, not Georgia.

In addition to seeking discovery from the Indiana-citizen defendants and their Indiana-based employees, Mr. Radcliffe has sought non-party discovery from other Indiana citizens, including the Indiana Office of Inspector General (Dkt. 13) and the Marion County Sheriff's Office (Dkt. 34). The Southern District of Indiana is the proper and most convenient venue for this action, and transfer to the Northern District of Georgia is not appropriate.

Mr. Radcliffe is also requesting transfer pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and Federal Rule of Civil Procedure 63 (Dkt. 140 at 1). As discussed below, he challenges the Court's impartiality in several other filings and motions. But Mr. Radcliffe's disagreement with court orders and personal belief concerning bias against him is not grounds for a transfer of venue. Mr. Radcliffe has not shown that transfer to the Northern District of Georgia is proper, so his Motion to Transfer Venue is **denied**.

B. **Motion for Assistance**

In October 2024, a telephonic conference to discuss discovery disputes was scheduled in related Case No. 1:24-cv-01057, and despite valiant efforts, Mr. Radcliffe was unable to participate because he was provided incorrect call-in information. Mr. Radcliffe asserts that an incorrect admonishment was made against him following communications with a clerk's office staff member, and asserts that an inference was made on October 16, 2024, in the related case, which characterized Mr. Radcliffe as "the angry black man stereotype," such that he challenges the Court's impartiality (Dkt. 149 at 1–5). Mr. Radcliffe also takes issue with rulings made by Magistrate Judge Wildeman concerning the discovery disputes.

On August 27, 2025, in the interest of judicial economy and pursuant to Local Rule 40-1(e) of the Southern District of Indiana, the undersigned accepted related case No. 1:24-cv-01057 and Magistrate Judge Kellie M. Barr was assigned for all further proceedings in both cases. On October

4

30, 2025, following additional discovery disputes, Magistrate Judge Barr granted Defendants' oral motion "requesting that Mr. Radcliffe refrain from unprofessional behavior, including personal attacks or inflammatory language directed against counsel, the Defendants or non-parties." (Dkt. 134 at 2). The Magistrate Judge also issued an admonishment that "the Court echoes and now formally adopts an admonishment that U.S. Magistrate Judge Crystal Wildeman already issued to Mr. Radcliffe in a related case." *Id.*

In his Motion for Assistance, Mr. Radcliffe ask the Court to enter an order "[e]xplaining how and why the correct call-in and meeting identification information for the October 16, 2024, Telephonic Discovery Conference was selectively disseminated" to Ryan Shouse and Kevin Schiferl, counsel for Defendants in the related case (Dkt. 149 at 12). The Motion for Assistance is **granted** in so far as the Court explains that Mr. Radcliffe was mistakenly given the incorrect call-in information[2]. Magistrate Judge Wildeman acknowledged such in the October 18, 2024 minute entry.

> Plaintiff did not appear. After the conference, Plaintiff made known that he received incorrect call-in information. The Court, being unaware of the reason for Plaintiff's failure to appear at the time the conference commenced and having reviewed filings and submissions of the parties in advance proceeded with the conference to make record of the discovery issues.
> . . . .
>
> Plaintiff's absence from the Telephonic Discovery Dispute Conference was not willful given he received incorrect call-in information. He therefore will not be required to show cause as to his failure to appear or otherwise sanctioned for the same.

Case No. 1:24-cv-01057 (Dkt. 33).

---

[2] The Clerk staff member advises that she inadvertently entered the incorrect conference line information in the scheduling Order that Mr. Radcliffe received (Dkt. 29), and later entered the correct information on the docket for "case participants" (Dkt. 30), which unfortunately, Mr. Radcliffe did not receive as a *pro se* litigant. The undersigned agrees that an apology is warranted and issues an apology for this mishap.

Mr. Radcliffe perceived the Magistrate Judge's admonishments to contain "discriminatory racial stereotypes" and that Judge Wildeman's discovery order and admonishment were premature (Dkt. 149). The undersigned agrees that the original admonishment in Case No. 1:24-cv-01057 and resolution of the discovery disputes may have been premature, because through no fault of Mr. Radcliffe, he was unable to participate in the conference and present his side of the disputes. However, having reviewed the admonishments that Mr. Radcliffe complains of, the undersigned discerns no discrimination, impartiality, or racism of any sort.

The undersigned is fully aware that racism exists in America and aware that our varied life experiences often influence our perceptions. The Court acknowledges Mr. Radcliffe's perceptions, but does not perceive any of the orders to infer that Mr. Radcliffe is "an angry black man." To put it mildly, this action is zealously litigated by both sides. Both admonishments concerned the Court's requirements of civility and professionalism. Just as lawyers and judges have a duty to treat everyone civilly, avoid personal attacks, focus on fair arguments, avoid demeaning language and to curb emotions, so do litigants, including those proceeding *pro se*. The undersigned perceives the challenges in this case, in part, to stem from Mr. Radcliffe's *pro se* status. Although *pro se* status does not give a party unbridled license to disregard clearly communicated court orders; "*pro se* litigants should be granted appropriate latitude in their dealings with courts and counsel for correct and honorable means." *DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 415 (7th Cir. 2022) (quoting *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996)).

Emotions often run high in litigation, and admonishments similar to those issued in this case are routinely issued when allegations of incivility or improper communications are made. *See Rogers v. Allen Superior Ct.*, No. 16-CV-40, 2017 WL 1133600, at *3 (N.D. Ind. Mar. 27, 2017) ("Judges routinely rule on discovery disputes during the course of litigation and have discretion to

admonish or sanction counsel [and parties] for their conduct."); *see also Matter of Huntington Commons Assocs.*, 21 F.3d 157, 159 (7th Cir. 1994) (explaining that "ordinary admonishments," as well as "expressions of 'impatience, dissatisfaction, annoyance, and even anger,'" are not enough to show a judge's prejudice against a party (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994))). This is because litigants, attorneys, and all parties—regardless of their race or gender—are expected and required to comport with the rules of civility and professionalism.

This case concerns serious allegations for which Mr. Radcliffe may be entitled to relief. An inordinate amount of time and resources have been spent concerning discovery disputes, distractions, and accusations by both sides. Magistrate Judge Wildeman has never been involved in this action, so any challenges concerning her impartiality are moot. The Court has no reservations concerning Magistrate Judge Barr's ability to fairly and impartially work on this case. Accordingly, the Motion for Assistance is **denied** in all other respects, as unnecessary for the orderly progression and disposition of this case. What is important is that all parties, including counsel, work professionally and with civility towards resolving any pending discovery disputes, so that this case can proceed on the merits.

## II.   CONCLUSION

For the reasons explained in this Order, Mr. Radcliffe's Motion for Court Assistance, Dkt. [149], is **GRANTED** in part and **DENIED** in part.

Mr. Radcliffe's Motion to Transfer Venue, Dkt. [140], is **DENIED**. Mr. Radcliffe has not shown that transfer to the Northern District of Georgia is proper; however, if Mr. Radcliffe wishes to pursue his claims in that venue, nothing in this Order prohibits him from voluntarily dismissing this Indiana lawsuit and initiating a separate action in the Northern District of Georgia.

**SO ORDERED**.

Date: 12/15/2025

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342

Rebekah Bennett
Office of Indiana Attorney General
rebekah.bennett@atg.in.gov

Adriana Conway
Frost Brown Todd
aconway@fbtlaw.com

Lucas J Heffner
lucas.heffner@atg.in.gov

Kimberly E. Howard
Fisher Maas Howard Lloyd & Wheeler, PC
khoward@fishermaas.com

Eric Rupenthal
Easter & Cavoise
erupenthal@easterandcavosie.com

Kevin C. Schiferl
Frost Brown Todd LLP
kschiferl@fbtlaw.com

Blake N. Shelby
Frost Brown Todd LLP
bshelby@fbtlaw.com

Adam Daniel Zacher
Easter & Cavoise
azacher@easterandcavosie.com