**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TERRIS RADCLIFFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 1:24-cv-01056-TWP-KMB |
| | ) |
| WILLIAM GREGORY O'HERREN, | ) |
| GEORGE ROBERT GEIGER, | ) |
| CUBESMART TRS, INC., | ) |
| SHAMROCK BUILDERS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| SCHINDLER ELEVATOR CORPORATION, | ) |
| ERIC PROBST, | ) |
| FROST BROWN TODD, | ) |
| MATTHEW DELKS, | ) |
| JASON ALDRIDGE, | ) |
| | ) |
| Intervenors. | ) |
| | ) |
| MILLSTONE MANAGEMENT, LLC, | ) |
| ADRIEN DANNEMILLER, | ) |
| | ) |
| Interested Parties. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO TRANSFER VENUE AND REQUEST FOR EXPLANATION

This matter is before the Court on *pro se* Plaintiff Terris Radcliffe's ("Mr. Radcliffe")

Motion for Reconsideration of the Court's December 15, 2025 Order on Plaintiff's Motion to

Transfer Venue and Request for Explanation and Corrections (Dkt. 160). For the reasons explained

below, the Motion for Reconsideration of the Court's December 15, 2025 Order is **denied**.[1]

---

[1] Intervenor's Motion to Strike (Dkt. 164) portions of the instant Motion for Reconsideration will be addressed in a separate order in due course.

## I.    BACKGROUND

On November 14, 2024, the Court screened Mr. Radcliffe's Second Amended Complaint (Dkt. 24) and determined that his state law negligence claims against Defendants William Gregory O'Herren, George Robert Geiger, CubeSmart TRS Inc., and Shamrock Builders, Inc. (together, "Defendants"), could proceed (Dkt. 31). In November 2025, Mr. Radcliffe filed a Motion to Transfer Venue to the Northern District of Georgia (Dkt. 140) and Request for Explanations and Corrections (Dkt. 149) seeking clarification as to why he had been given incorrect dial-in information for a telephonic conference and requesting that the Magistrate Judge recuse herself and be suspended. On December 15, 2025, the Court denied the request for transfer, granted Mr. Radcliffe's request for an explanation about the telephonic conference, and denied his request for recusal of the Magistrate Judge (Dkt. 156).

In the instant 47-page Motion for Reconsideration,[2] Mr. Radcliffe argues that the Magistrate Judge's "appearance of impartiality is severely compromised" and asks the Court to reconsider "whether Magistrate Judge Barr incorrectly ordered the denial of the Plaintiff's continuance request and the subsequent issuance of the court orders that ensued from the October 3, 2025, discovery dispute hearing." (Dkt. 160 at 44–45).

## II.    LEGAL STANDARD

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, Mr. Radcliffe's Motion is properly classified as one under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims

---

[2] Mr. Radcliffe is reminded of the page limits imposed by the Court's Local Rules; 30 pages for opening briefs, 30 pages for responses, and 15 pages for replies, unless the Court expressly permits excess pages. S.D. Ind. L.R. 7-1(e).

or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). When ruling on a Rule 54(b) motion, the Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e).

Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing. *Katz-Crank v. Haskett*, No. 13-cv-00159, 2014 WL 3507298, at *1–2 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation

3

marks omitted). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id.*

### III.    DISCUSSION

As mentioned above, the present Motion seeks reconsideration of the Magistrate Judge's order denying Mr. Radcliffe's request to continue an October 3, 2025 in-person hearing and all subsequent orders "that ensued from the October 3, 2025, discovery dispute hearing." (Dkt. 128 at 44–45). On April 6, 2026, Defendants filed a response to the Motion to Reconsider (Dkt. 191). Defendants' response disputes the truth of select statements in Mr. Radcliffe's Motion but entirely fails to address whether reconsideration is appropriate.[3] Despite the lack of substantive opposition from Defendants, the Court finds that reconsideration is not appropriate here.

While Mr. Radcliffe's Motion for Reconsideration raises the same arguments raised in his Request for Explanation and Corrections—namely, that the Court is not impartial and is biased against him—his Motion does not actually seek reconsideration of the Court's December 15, 2025 Order. Instead, it seeks reconsideration of a broad swath of the Magistrate Judge's orders on or after October 3, 2025, on the basis of alleged bias. Those orders must be challenged through motions to reconsider those orders, or a timely objection under Federal Rule of Civil Procedure 72, not a motion to reconsider a different order by the undersigned Judge. Mr. Radcliffe's Motion for Reconsideration is therefore **denied**.

### IV.    CONCLUSION

For the reasons explained above, Mr. Radcliffe's Motion for Reconsideration of the Court's Order on Plaintiff's Motion to Transfer Venue and Request for Explanation and Corrections (Dkt. 160) is **DENIED**.

---

[3] Mr. Radcliffe filed a combined reply in support of this Motion and other pending motions (Dkt. 192). But his reply relates to this request for sanctions against defense counsel, and not this request for reconsideration.

**SO ORDERED**.

Date:   4/17/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342

Rebekah Bennett
Office of Indiana Attorney General
rebekah.bennett@atg.in.gov

Adriana Conway
Frost Brown Todd
aconway@fbtlaw.com

Lucas J Heffner
lucas.heffner@atg.in.gov

Kimberly E. Howard
Fisher Maas Howard Lloyd Wheeler & Cole, PC
khoward@fishermaas.com

Eric Rupenthal
Easter & Cavoise
erupenthal@easterandcavosie.com

Kevin C. Schiferl
Fbt Gibbons LLP
kschiferl@fbtgibbons.com

Blake N. Shelby
FBT Gibbons LLP
bshelby@fbtgibbons.com

Adam Daniel Zacher
Easter & Cavoise
azacher@easterandcavosie.com