UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TERRIS RADCLIFFE,                          )
                                           )
              Plaintiff,                    )
                                           )
        v.                                 )        No. 1:24-cv-01056-TWP-KMB
                                           )
WILLIAM GREGORY O'HERREN,                   )
GEORGE ROBERT GEIGER,                       )
CUBESMART TRS, INC.,                        )
SHAMROCK BUILDERS, INC.,                    )
                                           )
              Defendants.                   )

**ORDER ON PENDING MOTIONS**

Presently pending before the Court are several motions filed by *pro se* Plaintiff Terris

Radcliffe, Defendants William O'Herren, George Geiger, Cubesmart TRS, Inc. ("Cubesmart") and

Shamrock Builders, Inc. ("Shamrock"), and Non-Party Schindler Elevator Corporation

("Schindler"). After setting forth the background relevant to these pending motions, the Court will

address each in turn.[1]

Mr. Radcliffe brought this action to recover damages from injuries he allegedly sustained

while riding in an elevator at a Cubesmart storage facility in Indianapolis in June 2022. This case

has thus far been dominated by a series of ongoing discovery disputes. On October 3, 2025, the

Court held a joint in-person hearing in this case and another case also brought by Mr. Radcliffe

(Case No. 1:24-cv-01057-TWP-KMB). [Dkt. 125.] That hearing addressed several discovery

---

[1] The Court notes that Mr. Radcliffe continues to assert that the undersigned is biased against him. [*See, e.g.*, dkt. 160 at 26 n.17.] The undersigned has already confirmed in a previous Order "that she remains impartial and that there is no basis to disqualify herself from this case under 28 U.S.C. § 455 or any other applicable statute." [Dkt. 158 at 2 n.1.] That remains true today. The assigned District Judge has also stated that she has "no reservations concerning Magistrate Judge Barr's ability to fairly and impartially work on this case." [Dkt. 156 at 7.]

1

motions, and Mr. Radcliffe failed to appear. [*Id.*] Following the hearing, the Court issued several rulings on the pending discovery motions and on other oral motions made at the hearing. [*See* dkts. 131; 133; 134.] Specifically, the Court denied Mr. Radcliffe's motions to quash subpoenas that Defendants had sent to third parties seeking Mr. Radcliffe's medical records relevant to his alleged injuries, [dkt. 131]; the Court granted the non-parties' motions to quash subpoenas served on them by Mr. Radcliffe, [dkt. 133]; and the Court granted multiple oral motions made by Defendants during the hearing and, among other things, ordered Mr. Radcliffe to respond to Defendants' outstanding interrogatories and requests for production, [dkt. 134].

Following the hearing, Mr. Radcliffe filed several additional motions. One such motion was a Motion for Change of Venue, in which Mr. Radcliffe asked that this case be transferred to the United States District Court for the North District of Georgia. [Dkt. 140.] District Judge Tanya Walton Pratt denied Mr. Radcliffe's Motion. [Dkt. 156.] In that same Order, Judge Pratt noted that "[a]n inordinate amount of time and resources have been spent concerning discovery disputes, distractions, and accusations by both sides." [*Id.* at 7.] Given this, Judge Pratt reminded the Parties that "[w]hat is important is that all parties, including counsel, work professionally and with civility towards resolving any pending discovery disputes, so that this case can proceed on the merits." [*Id.*]

Shortly thereafter, the undersigned denied three Motions for Sanctions and three Motions to Strike filed by Mr. Radcliffe, and one Motion for Sanctions filed by Defendants, all without prejudice. [Dkt. 158.] Echoing Judge Pratt's Order, the undersigned also observed that the pending Motions for Sanctions and Motions to Strike were "part of the pattern in this case of using an inordinate amount of time and resources on ancillary matters and accusations unrelated to the core issues." [*Id.* at 2.] The undersigned determined that the case needed a "reset so that the Parties,

2

their counsel, and the Court can all focus their limited resources on resolving the merits of the claims." [*Id.*] Therefore, the undersigned denied the pending motions without prejudice and directed the Parties and counsel to "direct their time and energy toward resolution of this case on the merits, rather than on unproductive disputes over ancillary matters and unnecessary accusations." [*Id.*] Lastly, the undersigned noted that, in attempt to "move this case forward in a productive manner, the Court will give Mr. Radcliffe another opportunity to comply with the Court's previous Order and respond to Defendants' outstanding discovery requests as ordered," extending his deadline to do so until January 23, 2026. [*Id.* at 3.]

Mr. Radcliffe then filed separate Motions to Reconsider Judge Pratt's Order denying his Motion to Transfer and the undersigned's Order denying his Motions to Strike and Motions for Sanctions. [Dkts. 160; 161.] Judge Pratt already denied Mr. Radcliffe's Motion to Reconsider the Motion to Transfer. [Dkt. 193.] Mr. Radcliffe's Motion to Reconsider the undersigned's Order remains pending and is addressed below along with other pending motions in this case.

### A.    Mr. Radcliffe's Motion to Reconsider

The Court turns first to Mr. Radcliffe's Motion to Reconsider. [Dkts. 161; 166.] Mr. Radcliffe's Motion to Reconsider asks the Court to reconsider its Order denying his Motions for Sanctions and Motions to Strike. [Dkt. 161.] As noted above, the purpose of the Order that Mr. Radcliffe now asks for reconsideration of was to follow Judge Pratt's lead and provide a "reset" so that the Parties could "direct their time and energy toward resolution of this case on the merits, rather than on unproductive disputes over ancillary matters and unnecessary accusations." [Dkt. 158 at 2.]

Motions to reconsider are governed by Federal Rule of Civil Procedure 54(b) because final judgment has not been entered in this case. *See* Fed. R. Civ. P. 54(b) (stating that "any order or

other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Eli Lilly & Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *2-3 (S.D. Ind. Mar. 25, 2024). Rule 54(b) "motions are appropriate where the court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the court by the parties, or (3) made an error not of reasoning but of apprehension." *Freson v. Centerpoint Energy, Inc.*, 2020 WL 13574989, at *1 (S.D. Ind. Dec. 8, 2020). "A motion to reconsider is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Eli Lilly & Co.*, 2024 WL 1285713, at *3.

Mr. Radcliffe's Motion to Reconsider is essentially identical to his original Motion for Discovery Sanctions, except that he added a section that sets forth the legal standard for a motion to reconsider.[2] [*Compare* dkts. 147 and 148 *with* dkt. 161.] Defendants point this out in opposition to Mr. Radcliffe's Motion. [Dkt. 190 at 2-3.] Thus, not only did Mr. Radcliffe not heed the directive for the Parties to focus on the merits rather than continuous disputes over ancillary matters, [*see* dkt. 158 at 2], he did not even attempt to set forth why the ruling he asks to reconsider should be reconsidered under the applicable legal standards set forth above. Having not attempted

---

[2] Many of Mr. Radcliffe's Motions and briefs exceed the page limits imposed by the Court's Local Rules. As Judge Pratt reminded Mr. Radcliffe in a recent Order, [dkt. 193 at 2 n.2], Local Rule 7-1(e) limits opening briefs to 30 pages, response briefs to 30 pages, and reply briefs to 15 pages unless otherwise permitted by the Court. S.D. Ind. L.R. 7-1(e). Because Mr. Radcliffe submitted these filings before Judge Pratt's reminder, the undersigned will consider Mr. Radcliffe's full filings in ruling on the presently pending motions. But as Judge Pratt stated, Mr. Radcliffe should ensure that future filings comply with this rule.

to show why reconsideration is warranted, Mr. Radcliffe's Motion to Reconsider is **DENIED**. [Dkt. 161.]

### B.    Mr. Radcliffe's Motion for Sanctions

The Court turns next to Mr. Radcliffe's Motion for Sanctions. [Dkt. 166.] Mr. Radcliffe asserts that he is entitled to a default judgment and other sanctions because Defendants have allegedly failed to comply with subpoenas, altered documents, and failed to properly preserve electronically stored information. [Dkt. 167 at 1-4.] Specifically, Mr. Radcliffe says he served subpoenas on Defendants Mr. O'Herren, Mr. Geiger, Cubesmart Asset Management, LLC, and Sherri Black in late July 2024,[3] [*see* dkt. 147-1 at 2-22], but, despite proper service, he never received the requested materials or a response. [Dkt. 167 at 1-2.] Mr. Radcliffe also states that there is evidence that Defendants failed to preserve relevant evidence after the duty to preserve such evidence arose. [*Id.* at 2.] Finally, Mr. Radcliffe argues that Defendants' counsel made false statements about an agreement she reached with Mr. Radcliffe regarding whether he agreed to delay the response to the subpoenas. [*Id.*]

Defendants oppose Mr. Radcliffe's Motion for Sanctions. [Dkt. 190.] First, they argue that despite Mr. Radcliffe's conclusory accusations, he has not presented "one single piece of evidence to support his allegations that the Defendants or Defendant's counsel have destroyed evidence,

---

[3] Mr. Radcliffe's affidavit in support of his Motion for Sanctions suggests that the subpoenas were directed to the four current Defendants in this case—Cubesmart, Mr. O'Herren, Mr. Geiger, and Shamrock—by stating that they were obligated to respond to them. [Dkt. 167 at 1.] But the subpoenas attached to Mr. Radcliffe's previous Motion for Sanctions show that they were served on two current Defendants (Mr. O'Herren and Mr. Geiger), a Cubesmart entity that is not a Party to this case (Cubesmart Asset Management, LLC), and non-party Sherri Black (an employee of Cubesmart Asset Management, LLC). [Dkt. 147-1 at 2-22.] Defendants' response brief also confirms this. [Dkt. 190 at 6 (noting that "only two of th[e] subpoenas were issued to current Defendants").] This difference is immaterial to the Court's ruling on the validity of the subpoenas, but it is worth noting for clarity.

spoiled evidence or fraudulently manipulated evidence." [*Id.* at 5.] Defendants also request an award of attorneys' fee for having to respond to the Motion for Sanctions, which they point out was filed less than a month after the Court denied a nearly identical motion. [*Id.*]

Second, Defendants ask the Court to issue a conclusive ruling on whether the four subpoenas Mr. Radcliffe served in late July 2024 are valid. [*Id.* at 1.] Defendants argue that there are four bases to find the subpoenas invalid: (1) the subpoenas were issued before the Court assumed jurisdiction; (2) the subpoenas were not served in compliance with Federal Rule of Civil Procedure 26(d), which requires the Parties to confer prior to seeking discovery from any source; (3) Rule 45 subpoenas are not an appropriate method of seeking discovery from a party; and (4) Defendants believed, based on an email exchange with Mr. Radcliffe, that proper discovery would be served in lieu of subpoenas after they had responded to his Amended Complaint, but that discovery was never served. [*Id.* at 5-11.]

In reply, Mr. Radcliffe reasserts his arguments made in his opening brief. [Dkt. 192.] Among other things, he argues that his validly issued subpoenas have been ignored by Defendants, [*id.* at 7], that Defendants' counsel's interpretation of the email exchange she had with Mr. Radcliffe regarding the subpoenas amounts to "fraud by omission," [*id.* at 8-11], and that Defendants have colluded with others to fraudulently manipulate documents and the discovery process, [*id.* at 20-24].

The Court agrees with Defendants that Mr. Radcliffe has not presented any evidence that Defendants have destroyed, manipulated, or failed to preserve evidence. At most, Mr. Radcliffe and Defendants' counsel have a different interpretation of an email exchange between them. [*See, e.g.*, dkt. 190 at 10-11 and dkt. 192 at 7-11.] But disagreement of this nature is certainly not the evidence of the fraud, fabricated evidence, or deception that Mr. Radcliffe alleges. Thus, there is

no basis for sanctioning Defendants on this point.  Additionally, the Court notes that discovery sanctions typically should not be pursued until after a motion to compel is granted or the Court has otherwise ordered that the discovery be provided.  *See* Fed. R. Civ. P. 37(b) (setting forth the available sanctions if a party fails to comply with court ordered discovery).

The Court agrees with Defendants that it is in the best interest of case progress for the Court to determine the validity of the subpoenas at issue.  Despite several court interventions in discovery disputes and related issues, the Parties continue to be at an impasse on multiple discovery disputes.  These discovery disputes need to be resolved as expeditiously as possible for this case to proceed to a determination on the merits.

Federal Rule of Civil Procedure 26(d)(1) makes clear that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Mr. Radcliffe secured the subpoenas before Defendants' counsel appeared in this action on July 19, 2024, and they were served shortly thereafter.  [Dkt. 147-1 at 2-22.]  Defendants assert that there was no Rule 26(f) conference prior to Mr. Radcliffe serving these subpoenas, and Mr. Radcliffe does not dispute that point.  Parties seeking expedited discovery must make the requisite showing that they are entitled to it.  *See, e.g.*, *In re Clearview AI, Inc. Consumer Privacy Litigation*, 2021 WL 5862494, *2 (N.D. Ill. May 6, 2021); *Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, 2017 WL 11573559, *1 (S.D. Ind. May 11, 2017).  Mr. Radcliffe did not attempt to make this showing.

Because the subpoenas were served in violation of Rule 26(d)(1), the Court agrees with the Defendants that they should be quashed.  Mr. Radcliffe will have an additional opportunity to obtain this discovery should he choose to try to do so as set forth in the conclusion below setting forth new case management deadlines.

For these reasons, Mr. Radcliffe's Motion for Sanctions is **DENIED**, [dkt. 166], and the four subpoenas at issue served in late July 2024 are **QUASHED**.  The Court **DENIES** Defendants' request for attorneys' fees.  That request is found only in Defendants' response brief, but any such request for attorneys' fees should be made by separate motion.  *See* S.D. Ind. Local Rule 7-1(a) ("A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court.").  Moreover, even if it had been properly made, the Court does not find this circumstance as one that would warrant awarding Defendants' fees, given that the Parties' dispute over an ambiguous email exchange would make an award of expenses unjust under these circumstances.  *See* Fed. R. Civ. P. 37(a)(5).

### C.    Mr. Radcliffe's Motion to Disqualify Defendants' Counsel

The Court turns next to Mr. Radcliffe's Motion to Disqualify Defendants' Counsel.  [Dkt. 173.]  He argues that Defendants' counsel has a conflict of interest because she is being paid by a third-party insurer, Liberty Mutual Insurance Company ("Liberty Mutual").  [*Id.* at 2-3.]  Mr. Radcliffe maintains that the conflict of interest is evidenced by Defendants' counsel's "false statements" and the "falsification of evidence."  [*Id.* at 3.]

Defendants oppose Mr. Radcliffe's Motion to Disqualify.  [Dkt. 176.]  Defendants first note that they have not raised a conflict of interest, and only in limited circumstances that are not present here does a third party have standing to seek disqualification of counsel on another party's behalf. [*Id.* at 1-2.]  Defendants do acknowledge that there is always a tripartite relationship—and, thus, the potential for a conflict of interest—"between an insurer, an insured, and defense counsel when the insurer retains defense counsel to represent the insured in litigation," as has happened here. [*Id.* at 2.]  But Defendants argue that "[t]he mere existence of a tripartite relationship does not create a conflict," and "there is no evidence that a conflict has been created in this case."  [*Id.*]

8

In reply, Mr. Radcliffe maintains that he has third-party standing to bring his Motion to Disqualify because it is "necessary for the fair and efficient administration of justice" and that disqualification is warranted here because Defendants' counsel "have intentionally interfered with the administration of justice, submitted false statements under oath, consistently used material misrepresentations, and fraudulently fabricated documented evidence." [Dkt. 177 at 3.] Mr. Radcliffe argues that the cause of this alleged misconduct is that Defendants' counsel is being paid by Liberty Mutual, "which appears to have compromised their ethical obligations and professional conduct" as evidenced by their alleged "false statements and falsification of evidence." [*Id.* at 4.]

Indiana Rule of Professional Conduct 1.7 provides that a lawyer shall not represent a client if "the representation of one client will be directly adverse to another client."[4] Ind. R. Prof. Cond. 1.7(a)(1). Rule 1.7(a) also prohibits a lawyer from representing a client when "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Ind. R. Prof. Cond. 1.7(a)(2).

"The general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." *Mills v. Hausmann-McNally*, 992 F.Supp.2d 885, 891 (S.D. Ind. 2014). A third-party does have standing to move for disqualification when the conflict clearly calls into "question the fair or efficient administration of justice." *Id.* at 892; *Brannan v. Clinton Cnty. Bd. Commissioners*, 2016

---

[4] Mr. Radcliffe also alleges that Defendants' counsel violated other Indiana Rules of Professional Conduct. [Dkt. 173 at 5-7.] For example, he argues that Defendants' counsel violated Rule 3.3, [*id.*], which prohibits lawyers from making false statements of fact to a court. *See* Ind. R. Prof. Conduct 1.7(a)(2). The Court need not discuss the cited rules in detail, as it ultimately finds that Mr. Radcliffe has failed to present sufficient evidence that Defendants' counsel engaged in any of the misconduct he alleges.

WL 6277664, at *2 (S.D. Ind. Oct. 27, 2016).  If standing is present, the moving party then "bears the burden of proving that an *actual conflict* of interest in violation of Rule 1.7 exists." *Brannan*, 2016 WL 6277664, at *3 (citation and quotation marks omitted) (emphasis in original).

The Court concludes that Mr. Radcliffe has failed to demonstrate either that he has standing to bring a motion to disqualify Defendants' counsel or that an actual conflict of interest exists such that disqualification would be warranted.  His motion is predicated primarily on accusations of misconduct by Defendants' counsel, including alleged misrepresentations and falsification of evidence.  [*See, e.g.*, dkt. 173 at 2-3, 6-7, 9.]  However, the evidence he submits in support of his accusations fails to establish the alleged misconduct.  Even if Mr. Radcliffe's accusations were true, they do not establish that he has standing to bring a motion to disqualify Defendants' counsel.  Mr. Radcliffe's attempts to connect his accusations of Defendants' counsel's alleged misconduct with an actual conflict of interest—*i.e.*, arguing that Defendants' counsel is engaged in alleged misconduct because she is being paid by Liberty Mutual—are speculative at best.  Because Mr. Radcliffe has not shown any conflict between Defendants and their counsel that calls into question "the fair or efficient administration of justice," the Court concludes that Mr. Radcliffe does not have standing to bring the instant motion.  *Mills*, 992 F.Supp.2d at 891.

Finally, the Court notes that even if Mr. Radcliffe did have standing, he has not shown that an actual conflict of interest exists between Defendants and their counsel, as is required for disqualification.  *See Brannan*, 2016 WL 6277664, at *3.  He has instead only offered unsupported accusations of misconduct that are unrelated to the attorney-client relationship between Defendants and their counsel.

For each of these reasons, Mr. Radcliffe's Motion for Disqualify Defendants' Counsel is **DENIED**.  [Dkt. 173.]

**D.        Defendants' Motion to Extend Case Management Deadlines**

On January 6, 2026, the Court issued an Order setting new case management deadlines. [Dkt. 159.]  Specifically, the Court gave Mr. Radcliffe another opportunity—through January 23, 2026—to respond to Defendants' outstanding discovery requests, and it also set deadlines for expert disclosures, discovery and depositions, and dispositive motions.  [*Id.* at 1-2.]  On February 4, 2026, Defendants filed a Notice that Mr. Radcliffe has not responded to their discovery requests, including interrogatories and requests for production as ordered by the Court.  [Dkt. 172 (citing dkt. 81).]

Presently pending before the Court is Defendants' Motion to Extend Case Management Deadlines.  [Dkt. 186.]  Defendants assert that Mr. Radcliffe has still not responded to their outstanding discovery requests and, to comply with the Court's deadlines, they first need responses to those outstanding discovery requests.  [*Id.* at 1-3.]  Therefore, Defendants ask the Court to reset the deadlines until after they have received the necessary discovery.  [*Id.*]

Mr. Radcliffe responded to Defendants' Motion to Extend Case Management Deadlines, but much of his response is focused on accusations of alleged misconduct by Defendants, their counsel, Schindler, and its counsel, rather than whether the case management deadlines should be extended.  [Dkt. 187 at 1-10.]  His response also asks the Court for unrelated relief, including sanctions on Defendants and Schindler.[5]  [*Id.* at 13.]  To the extent Mr. Radcliffe addresses the case management deadlines, he proposes permitting an extension of time only to, among other things,

---

[5] The Court will not address these requests for the same reason the Court denied Defendants' request for attorneys' fees above.  Motions embedded within a brief are improper under Local Rule 7-1(a), which provides that "[a] motion must not be contained within a brief, response, or reply to a previously filed motion."

allow the Court to grant his Motion to Disqualify Defendants' Counsel and then for Defendants to acquire new counsel. [*Id.* at 10-11, 15-16.]

Defendants' Motion to Extend Case Management Deadlines is **GRANTED**. [Dkt. 186.] The Court agrees with Defendants that they cannot be expected to comply with the previously set case management deadlines without first receiving appropriate responses to their discovery requests. Thus, the previously set case management deadlines in the Court's January 6, 2026, Order will be **RESET** as set forth later in this Order. [Dkt. 159.] The Court sets forth how discovery and this case shall proceed in more detail below.

### E.      Schindler's Motions to Strike

Non-Party Schindler became involved in this action when Mr. Radcliffe served a non-party subpoena on it, and Schindler appeared by counsel and moved to quash the subpoena. [Dkt. 85.] Several months ago, the Court granted Schindler's Motion to Quash, effectively ending Schindler's involvement in this case. [Dkt. 133 at 5-6.] Mr. Radcliffe's filings since that time continue to include accusations of wide-ranging misconduct and malfeasance against Schindler's counsel. [*See, e.g.*, dkts. 160; 161; 187.] Despite not being involved in the case anymore, Schindler has filed multiple Motions to Strike that are pending before the Court. [Dkts. 164; 189.]

Mr. Radcliffe opposes these motions. [Dkts. 169, 170, 194.] He argues that motions to strike are disfavored and that Schindler's Motions to Strike do not meet the requirements of Rule 12(f). [*See id.*]

In its pending motions, Schindler argues that portions of dockets 160, 161, and 189 should be stricken pursuant to Rule 12(f), which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But Rule 12(f) only permits the Court to strike material from a pleading, not a motion or a brief.

12

*See Renguette v. Bd. Of Sch. Trustees ex rel. Brownsburg Community Sch. Corp.*, 2007 WL 1536841, at *5 (S.D. Ind. May 23, 2007) ("[A] motion to strike, pursuant to Rule 12(f), may only be used to attack a *pleading*. Courts applying Rule 12(f) have consistently declined to construe the term 'pleading' to apply to motions and memoranda." (emphasis in original)); *see also Walker v. Cirian*, 2023 WL 9002811, at *1 (E.D. Wis. Dec. 28, 2023) ("Rule 12(f) applies to pleadings, not motions, legal briefs, or other evidence.").  Thus, the Court agrees with Mr. Radcliffe that Schindler has not provided a legal basis to strike Mr. Radcliffe's filings under Rule 12(f).

Schindler also asserts that Mr. Radcliffe's filings should be stricken pursuant to Federal Rule of Civil Procedure 11.  [Dkt. 164 at 1-2.]  Rule 11 permits a court to issue sanctions under certain circumstances.  *See* Fed. R. Civ. P. 11(b).  But Schindler does not state whether it complied with Rule 11(c)(2) before filing its Motion to Strike, which required it to serve its motion on Mr. Radcliffe at least 21 days before filing it.  Rather, Schindler merely cites Rule 11 as a basis to strike Mr. Radcliffe's accusations, without at all explaining how Rule 11 permits that relief under the circumstances here.  The Court will not develop this argument for Schindler or address it further. *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392 397 (7th Cir. 2000) ("[I]t is not this court's responsibility to research and construct the parties' arguments.") (citation and quotation marks omitted).

To the extent the purpose of Schindler's Motions to Strike is to make its position clear that it strongly disagrees with Mr. Radcliffe's accusations, Schindler's repeated previous filings have already done so.  But having provided no legal basis for the Court to actually strike anything from the docket in this case, Schindler's Motions to Strike are **DENIED**.  [Dkts. 164; 189.]  The Court cautions Schindler from filing future motions of this nature in this case, particularly when Schindler is no longer involved in this litigation.

**F.**    **Conclusion**

For the reasons explained above, the Court makes the following rulings on the motions presently pending:

- Mr. Radcliffe's Motion to Reconsider is **DENIED**. [Dkt. 161.]

- Mr. Radcliffe's Motion for Sanctions is **DENIED**. [Dkt. 166.] The four subpoenas at issue, served by Mr. Radcliffe in late July 2024, are **QUASHED**. Defendants' request for attorneys' fees related to the Motion for Sanctions is **DENIED**.

- Mr. Radcliffe's Motion to Disqualify Defendants' Counsel is **DENIED**. [Dkt. 173.]

- Defendants' Motion to Extend Case Management Deadlines is **GRANTED**. [Dkt. 186.] The previously set case management deadlines in the Court's January 6, 2026, Order are **RESET** as set forth below. [Dkt. 159.]

- Non-party Schindler's Motions to Strike are **DENIED**. [Dkts. 164; 189.]

This action shall now proceed in accordance with the following case management deadlines:

- The Court has twice ordered Mr. Radcliffe to respond to Defendants' outstanding discovery requests. [Dkts. 134 at 1; 158 at 3.] In the first of those Orders, the Court stated that if Mr. Radcliffe fails to do so, Defendants may move for sanctions under Federal Rule of Civil Procedure 37. [Dkt. 134 at 1.] Defendants continue to assert that Mr. Radcliffe has not responded to their outstanding discovery requests, and nothing in this Order or any prior Order has relieved Mr. Radcliffe of his obligation to do so. Therefore, if Defendants intend to file a motion for sanctions or other appropriate motion given the unanswered discovery requests, they shall do so no later than **June 12, 2026**. If such a motion is filed, Mr. Radcliffe will have **14 days** from the date the motion is filed to respond, and Defendants shall have **7 days** from Mr. Radcliffe's response to file a reply. **The Court does not anticipate extending these deadlines absent extraordinary circumstances**. Regardless of whether Defendants file a motion for sanctions or other appropriate motion, **the Parties are expected to comply with the case management plan deadlines set forth below.**

- No later than **August 17, 2026** – Each party must tell the other parties if it intends to use any testimony by expert witnesses. At that time, if a party intends to use an expert, it must give the other party a signed report from the expert that presents all the witness' opinions and all the other information required by Federal Rule of Civil Procedure 26(a)(2). Thirty days later, the other side must file a report by any rebuttal expert. A party who has received an expert report from the other party is permitted, but not required, to have a rebuttal report.

14

- No later than **August 31, 2026** – All discovery requests must be served on the responding party (but NOT filed with the court).

- No later than **September 30, 2026** – All depositions must be completed.

- No later than **October 30, 2026** – Any party who believes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, and therefore the case does not need to go to trial, must file its motion under Federal Rule of Civil Procedure 56.

- **Given the age of this case, the Court does not anticipate again extending these case management deadlines.**

**SO ORDERED.**

Date: 5/29/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342