**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

TERRIS RADCLIFFE,                            )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )      No. 1:24-cv-01056-TWP-KMB
                                             )
WILLIAM GREGORY O'HERREN,                    )
GEORGE ROBERT GEIGER,                        )
CUBESMART TRS, INC.,                         )
SHAMROCK BUILDERS, INC.,                     )
                                             )
            Defendants.                      )
                                             )

## ORDER DENYING MOTION FOR ALTERNATE MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff Terris Radcliffe's ("Mr. Radcliffe") Motion for an Alternate Appointment of a United States Magistrate Judge (Dkt. 213). For the following reasons, Mr. Radcliffe's Motion is **denied**.

## I.      DISCUSSION

Mr. Radcliffe filed this negligence lawsuit in November 2024 against William O'Herren, George Geiger, CubeSmart TRS, Inc., and Shamrock Builders, Inc. (collectively "Defendants"), after Mr. Radcliffe allegedly became trapped in an elevator in a CubeSmart self-storage facility. Throughout the life of this case, Judge Barr has held several hearings, resolved dozens of motions, and managed the parties' (and nonparties') numerous and contentious discovery disputes, all in a dedicated attempt to avoid wasteful ancillary motions and move this case forward on its merits.

Disappointingly, the parties' continued disputes have led to multiple motions for sanctions (filed by both sides), including, as relevant here, two motions for sanctions filed by Defendants arising from Mr. Radcliffe's alleged discovery violations. Judge Barr denied Defendants' first motion without prejudice on December 29, 2025 (Dkt. 158). On June 12, 2026, Defendants filed

their Renewed Motion for Sanctions of Dismissal and Fees (Dkt. 202), which remains pending. On July 8, 2026, the Court referred the Renewed Motion for Sanctions to Magistrate Judge Barr for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. 212).

Later that day, Mr. Radcliffe filed the instant Motion, asking the Court to assign a different Magistrate Judge to the Renewed Motion for Sanctions. In his Motion, Mr. Radcliffe states,

> Given the persistent unparalleled tangents of parity and equilibrium for the application and enforcement of the Federal Rules of Civil Procedure, ethical procedural standards, and the local rules for the Southern District of Indiana, which do not reflect the Court's previously ordered rulings regarding its filing commands for the Plaintiff's Notice of Proof of Service in response to the discovery production requests and interrogatories served by the Defendants and their counsel [*sic*]. [Docket 32; 55; 178].

(Dkt. 213 at 1 (bracketed citations in original)). As best the Court can tell, Mr. Radcliffe is arguing that Judge Barr's prior orders (Dkt. 32 (Order Granting Defendants' Motion for Enlargement of Time to Respond to Second Amended Complaint); Dkt. 55 (Order Denying Plaintiff's Motion to Reconsider); Dkt. 178 (Order Granting Defendants' Motion for Briefing Schedule)) are erroneous, so a different Magistrate Judge should rule on the pending Renewed Motion for Sanctions.

The Court will not assign a different Magistrate Judge to the Renewed Motion for Sanctions, or to any other motion in this case. Mr. Radcliffe cannot choose the Magistrate Judge assigned to his case. *Hatcher v. Consol. City of Indianapolis*, 323 F.3d 513, 518 (7th Cir. 2003) ("[T]he parties attempted to override the district court's assignment protocol and to substitute their own chosen magistrate judge, . . . . [a] situation . . . we cannot endorse. It is one thing for parties . . . to limit consent to that particular referral, and it is another thing to allow them to shop among a district court's magistrate judges. . . . [N]o one would think of arguing that parties had the right to select a particular district judge . . . . [I]t is the court, and not the parties, that has the power to confer general or specific duties upon an individual magistrate judge." (citations omitted)). There is no basis for removing Magistrate Judge Barr from any part of this case. The fact that Mr.

2

Radcliffe disagrees with the Court's orders and personally believes that they are unfair or biased is not grounds for removal or reassignment. *See Matter of Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1231–32 (7th Cir. 1988) (declining to order recusal despite judge's "strained" relationship with counsel; "Visible annoyance is no reason for recusal, however, not unless we wish to encourage efforts to get under judges' skin."). This Court has consistently rebuffed Mr. Radcliffe's attacks on Judge Barr's impartiality and does so again here (Dkt. 156; Dkt. 193).

The Court has no reservations concerning Magistrate Judge Barr's ability to fairly and impartially work on this case. And Judge Barr is uniquely well equipped to fully and fairly consider the Renewed Motion for Sanctions because she has been closely involved in the parties' discovery disputes. As the Court has previously informed Mr. Radcliffe (Dkt. 193 at 4), if he has a legal objection to the report and recommendation, Mr. Radcliffe may file an objection to any unfavorable ruling by a Magistrate Judge within 14 days pursuant to Federal Rule of Civil Procedure 72.

## II.    CONCLUSION

For the reasons explained above, Mr. Radcliffe's Motion for an Alternate Appointment of a United States Magistrate Judge (Dkt. 213) is **DENIED**. If Mr. Radcliffe disagrees with Judge Barr's forthcoming report and recommendation on Defendants' Renewed Motion for Sanctions, he may file a timely objection to the report and recommendation pursuant to Rule 72.

**SO ORDERED**.

Date:    7/10/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342

3

Rebekah Bennett
Office of Indiana Attorney General
rebekah.bennett@atg.in.gov

Adriana Conway
Frost Brown Todd
aconway@fbtlaw.com

Kimberly E. Howard
Fisher Maas Howard Lloyd Wheeler & Cole, PC
khoward@fishermaas.com

Eric Rupenthal
Easter & Cavoise
erupenthal@easterandcavosie.com

Kevin C. Schiferl
Fbt Gibbons LLP
kschiferl@fbtgibbons.com

Blake N. Shelby
FBT Gibbons LLP
bshelby@fbtgibbons.com

Adam Daniel Zacher
Easter & Cavoise
azacher@easterandcavosie.com