UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRIS RADCLIFFE,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM GREGORY O'HERREN,<br>GEORGE ROBERT GEIGER,<br>CUBESMART TRS, INC.,<br>SHAMROCK BUILDERS, INC.,<br>SCHINDLER ELEVATOR CORPORATION,<br><br>Defendants. | ) | Case No. 1:24-cv-01056-TWP-KMB |

**ENTRY DENYING MOTION TO RECONSIDER AND GRANTING IN PART MOTION FOR ENLARGEMENT OF TIME**

This matter is before the Court on *pro se* Plaintiff Terris Radcliffe's Motion for Reconsideration of the Order Granting Defendants Motion to Extend Case Management Deadlines and Alternate Resolution (Dkt. 233) and Plaintiff's Motion for Enlargement of Time to Reply to Defendants' Motion of Opposition (Dkt. 234). For the reasons explained below, the request to reconsider is **denied** and the request for enlargement of time to file a reply is **granted in part**.

## I. DISCUSSION

The Court will first discuss Mr. Radcliffe's motion for reconsideration, before turning to his request for an enlargement of time to file his reply brief.

### A. Motion for Reconsideration

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence

precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, No. 3:11-CV-026, 2011 U.S. Dist. LEXIS 50891, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters*., No. 07-C-317, 2009 U.S. Dist. LEXIS 45614, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

In this request, Mr. Radcliffe seeks reconsideration of the Magistrate Judge's September 4, 2026 Order granting the Defendants' request to extend the case management deadlines. (Dkt. 233). The Magistrate Judge's September 4, 2026 Order stays the case management deadlines for expert disclosure, discovery requests to be served, depositions to be completed, and dispositive motions to be filed until further order of the Court—so that discovery can be completed. (Dkt. 232). The Order also states that Defendants' Motion for Sanctions will be ruled on in due course and that Mr. Radcliffe's recently extended deadline to file his reply in support of his Motion for Summary Judgment remains September 22, 2026. *Id*. at 2.

Mr. Radcliffe does not make any arguments concerning manifest errors of law or fact or newly discovered evidence relating to the September 4, 2026 Order. Instead, he raises issues about the pending motion for sanctions and his opposition concerning discovery disputes. The arguments presented by Mr. Radcliffe do not support reconsideration. Oddly, he asks the Court to order the Plaintiff (himself-Mr. Radcliffe) to respond to discovery—but that order has already been issued several times. The other arguments presented by Mr. Radcliffe address issues concerning the

Defendants' pending Motion for Sanctions (Dkt. 202), but this argument does not support granting the motion for reconsideration.

The instant Motion is the sixth time that Mr. Radcliffe has requested reconsideration of an Order issued in this case. (*See* Dkts. 156, 158, 160, 161, 181). Mr. Radcliffe is reminded that a motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000). Mr. Radcliffe has presented no legal bases to show that reconsideration is appropriate or merited. Accordingly, his Motion for reconsideration is **denied**.

**B. Motion for Enlargement of Time to Reply**

Mr. Radcliffe filed a Motion for Summary Judgment on June 5, 2026 (Dkt. 197), and after two enlargements of time, Defendants filed their Response brief in opposition on August 18, 2026 (Dkt. 229). Thereafter, Mr. Radcliffe requested a 21-day extension of time to file his Reply brief and the undersigned granted the request—his Reply brief is now due on September 22, 2026. (Dkt. 231). In his second motion for enlargement of time, Mr. Radcliffe request aa additional 21-day enlargement of time. (Dkt. 234).He states that

> Plaintiff is amenable to extending the filing period of his Reply Motion in Support of the Motion for Summary Judgment that is currently scheduled to be submitted on September 22, 2026, if the Defendants need to resubmit their Opposition Motion to the Motion for Summary Judgment after Plaintiff has produced his responses and/or objections to their written interrogatories that were filed with the Court on June 12, 2026.

*Id*. at 2-3.

In their response brief, Defendant's correctly point out that they have no option to "elect or decline" to resubmit their opposition to Mr. Radcliffe's motion for summary judgment. (Dkt. 235). The Courts local rules provide that the party opposing a summary judgment motion must file and serve a response brief and any related evidence within **28 days** after the movant serves the motion,

and the moving party may file a reply brief within **14 days** after the response is served. *See* Southern District of Indiana Local Rule 56-1 (a)(b) and (c). There is no option for do-overs, or whatever Mr. Radcliffe contemplates. The response brief filed on August 18, 2026 (Dkt. 229) is Defendants response is opposition, period.

Defendants further note that Mr. Radcliffe has presented no basis, personal or case related, that impacts his ability to file his Reply brief by the current deadline of September 22. *Id*. at 5. While this is true, the Court has graciously granted both parties enlargements of time to file their briefs concerning the pending summary judgment motion. Without extensions of time, Defendants' response brief would have been due by July 6, 2026 (excluding the holiday) and Mr. Radcliffe's reply due by July 20, 206. Because Mr. Radcliffe's deadline is upon us, the Court will graciously grant him an additional seven days until **Tuesday September 29, 2026** to file his Reply brief. Accordingly, the Motion for enlargement of time is **granted in part**.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration of the Order Granting Defendants Motion to Extend Case Management Deadlines and Alternate Resolution, Dkt. [233] is **DENIED** and Plaintiff's Motion for Enlargement of Time to Reply to Defendants' Motion of Opposition, Dkt. [234] is **GRANTED in part**. Mr. Radcliffe has until **Tuesday September 29, 2026** to file his Reply brief. The parties should anticipate absolutely no further extensions of time.

**SO ORDERED.** Date:

September 22, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRIS RADCLIFFE
5400 Glenridge Drive #420802
Atlanta, GA 30342

Rebekah Bennett
Office of Indiana Attorney General
rebekah.bennett@atg.in.gov

Adriana Conway
Frost Brown Todd
aconway@fbtlaw.com

Lucas J Heffner
lucas.heffner@atg.in.gov

Kimberly E. Howard
Fisher Maas Howard Lloyd & Wheeler, PC
khoward@fishermaas.com

Eric Rupenthal
Easter & Cavoise
erupenthal@easterandcavosie.com

Kevin C. Schiferl
Frost Brown Todd LLP
kschiferl@fbtlaw.com

Blake N. Shelby
Frost Brown Todd LLP
bshelby@fbtlaw.com

Adam Daniel Zacher
Easter & Cavoise
azacher@easterandcavosie.com